

**McANDREW VUOTTO** LLC
ATTORNEYS AT LAW

Jonathan P. Vuotto, Esq.
jpv@mcandrewvuotto.com
Direct: (973) 532-6242

February 13, 2026

<u>*Via ECF*</u>

Hon. Sarah Netburn, U.S.M.J.
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:   In re Terrorist Attacks on September 11, 2001
           Case No. 03 MDL 1570 (GBD)(SN)

Dear Judge Netburn:

    This firm represents Kristen Breitweiser, Individually and as Personal Representative of the Estate of Ronald M. Breitweiser, Caroline Breitweiser, Patricia Ryan, Individually and as Personal Representative of the Estate of John J. Ryan, Laura Ryan, Colin Ryan, Kristen Ryan and Jacqueline Eaton, Individually and as Personal Representative of the Estate of Robert D. Eaton (collectively, "Plaintiffs"). Plaintiffs respectfully submit this response to the request for omnibus *nunc pro tunc* Rule 54(b) certification.

    At the outset, Plaintiffs agree that the Court's prior practice and the history of enforcement in this litigation refute any suggestion that all 9/11 judgments were non-final or incapable of execution. In *Hoglan* and related proceedings, the Court treated partial judgments as enforceable. Likewise, the United States Victims of State Sponsored Terrorism Fund required final judgments as a predicate for payment and recognized the judgments entered in this MDL as satisfying that requirement. These historical facts foreclose any contention that enforcement must now be suspended in its entirety.

    That said, the existence of historical reliance does not eliminate the need to apply Rule 54(b) according to its text.

    Plaintiffs do not oppose enforcement. They do not oppose certification where appropriate. They do not oppose finality where it properly exists. What Plaintiffs oppose are procedural shortcuts that collapse materially distinct procedural postures into a single aggregate determination untethered from the individualized findings that Rule 54(b) requires.

    Rule 54(b) is not an administrative convenience mechanism. It requires "an express determination that there is no just reason for delay" and "an express direction for the entry of judgment" as to particular claims or parties. Fed. R. Civ. P. 54(b). The Supreme Court has made

clear that certification under Rule 54(b) demands a reasoned determination grounded in considerations of sound judicial administration. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980). The Second Circuit has emphasized that Rule 54(b) certification "should not be granted routinely" and must reflect careful judicial consideration. *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991). That determination is judicial and specific; it cannot rest on assumption or collective understanding. *See Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091–92 (2d Cir. 1992) (requiring strict compliance with the Rule's express-determination and express-direction requirements).

The judgments entered in this MDL do not exist in a single procedural posture. They vary materially in: (i) dates and methods of service under 28 U.S.C. § 1608; (ii) the triggering and expiration of appeal periods; (iii) the treatment of punitive damages; (iv) subsequent amendments and Rule 60 reopenings; (v) the aggregation of multiple plaintiffs within single judgment documents; and (vi) prior appellate activity.

These differences bear directly on finality and appellate clarity. A blanket *nunc pro tunc* certification risks collapsing distinct procedural histories into a generalized finding that does not reflect those variations. Where claims or procedural postures differ, Rule 54(b) requires a deliberate determination that there is "no just reason for delay" as to the <u>specific adjudicated claims at issue</u>. *See Curtiss-Wright*, 446 U.S. at 8; *Harriscom*, 947 F.2d at 629-30. Based on the clear Supreme Court and Second Circuit precedent, Rule 54(b) certification must be claim-specific and reasoned, not perfunctory or generalized.

The Court need not choose between halting enforcement and issuing universal ratification. If the Court concludes that Rule 54(b) certification is warranted to clarify the record, such certification should be entered in a manner consistent with the Rule's express-determination requirement — on a judgment-by-judgment basis, confirming that all claims as to that plaintiff have been resolved and that the procedural predicates relevant to finality are satisfied. Absent proper certification, an order "remains interlocutory and subject to revision." *Ginett*, 962 F.2d at 1092.

To the extent the Court adopts a judgment-specific Rule 54(b) certification process, Plaintiffs respectfully request that any such process provide for the orderly and independent consideration of each plaintiff's submission based on its individual procedural posture. Rule 54(b) determinations are inherently claim-specific. Accordingly, the sequencing or volume of consolidated submissions should not delay or subordinate the adjudication of properly presented individual requests. Plaintiffs do not seek preferential treatment. They seek only confirmation that any structured certification process will not impair or delay the consideration of individual motions based solely on the size or consolidation of other submissions.

Plaintiffs respectfully submit that their position is distinct from both the request for a wholesale freeze on enforcement and the request for omnibus *nunc pro tunc* certification. Plaintiffs do not contend that the Court's prior enforcement practice was improper, nor do they seek to disturb settled reliance interests. At the same time, Rule 54(b) cannot be satisfied by collective assumption or administrative convenience. The Rule requires an express determination as to the specific

adjudicated claims at issue. Preserving that structure does not impede enforcement; it ensures that any certification rests on findings tailored to the procedural posture of the judgment.

Nor does Plaintiffs' position depend on revisiting punitive-damages disputes or altering the Court's longstanding practice of denying such claims without prejudice. The question presented is narrower: if clarification through Rule 54(b) certification is deemed appropriate, that clarification should reflect the individualized characteristics of each judgment — including service history, damage components, and procedural developments — rather than collapsing materially distinct records into a single aggregate order. Such an approach adheres to Rule 54(b), maintains docket accuracy, and avoids unintended consequences in subsequent enforcement proceedings.

This approach respects three principles:  First, it acknowledges the Court's historical treatment of these judgments as final for enforcement purposes, including in *Hoglan* and in connection with USVSSTF eligibility.  Second, it rejects the premise that enforcement must be suspended.  Third, it ensures that Rule 54(b) is applied according to its text and structure, rather than used as a blanket ratification device in a case involving varied judgments entered over many years.

Plaintiffs seek neither disruption nor advantage. They seek only that, if certification is entered, it be done in a manner faithful to Rule 54(b) and protective of the integrity of the Court's docket and the enforceability of its judgments.

We thank the Court for its consideration of our position on this matter.

                                                      Respectfully submitted,

                                                      */s/Jonathan P. Vuotto*
                                                    Jonathan P. Vuotto